IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

      Plaintiff,                      Case No. 2:11-cv-2743 KJM DAD PS

    vs.

WILLIAM B. MAUCH, et al.,

      Defendants.               FINDINGS AND RECOMMENDATIONS
_____/

        On October 18, 2011, William Mauch and Terry Mauch, proceeding pro se, paid the fee for filing a civil action and filed a notice of removal of an unlawful detainer action from San Joaquin County Superior Court. Although defendants assert in their unsigned notice of removal that "[t]he Complaint is attached hereto as Exhibit A," no copy of the complaint was attached to the notice filed with this court. According to defendants, plaintiff seeks damages, attorney's fees and costs, and restitution, possession and removal of defendants from a residential property in Lodi, California.

        It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

1  instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing
2  federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident
3  Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769,
4  771 (9th Cir.1986)). Moreover, "the existence of federal jurisdiction depends solely on the
5  plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl.
6  Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).
7  Where it appears that the district court lacks subject matter jurisdiction over a removed case, "the
8  case shall be remanded." 28 U.S.C. § 1447(c).

9        Here, defendants allege in a conclusory manner that "the plaintiff seeks damages
10 and/or other recoveries counting toward the jurisdictional minimum, in excess of $300,000.00."
11 (Doc. No. 1 at 2.) Defendants contend that this is a civil action over which the federal court has
12 original jurisdiction pursuant to 28 U.S.C. § 1332. (Id. at 3.) Defendants' assertion of
13 jurisdiction based on diversity of citizenship is without merit because removal on such a ground
14 is not permitted if any defendant in the action is a citizen of the state in which the action is
15 brought. See 28 U.S.C. § 1441(b) (providing that civil actions not removed on the basis of
16 federal question "shall be removable only if none of the parties in interest properly joined and
17 served as defendants is a citizen of the State in which such action is brought"). It is evident that
18 both of the defendants in this action are citizens of the State of California, which is the state in
19 which this action was brought. Accordingly, the defendants have improperly removed plaintiff's
20 unlawful detainer action on the basis of diversity jurisdiction.

21       The court has noted that the civil cover sheet attached to defendants' notice of
22 removal reflects that the defendants marked "Federal Question" as the basis of jurisdiction.
23 (Doc. No. 1, Attach.) Defendants also indicate that this action is a foreclosure case. To the
24 extent that defendants intended to assert federal question jurisdiction, the assertion is
25 unsupported by any allegation or argument that plaintiff's complaint filed in state court presents a
26 federal question. The court finds that the defendants have failed to demonstrate that plaintiff's

action is anything other than a garden-variety unlawful detainer action brought pursuant to state statutes.  (Id. at11-14.)  Defendants have not shown that this action, filed against residents of real property located in California, based wholly on California law, presents a "claim or right arising under the Constitution, treaties or laws of the United States" that would have permitted plaintiff to file the action originally in federal court.  See 28 U.S.C. § 1441(b).  The fact that a plaintiff seeks to recover possession of property after a foreclosure does not by itself raise any federal question.

The court finds that defendants have failed to meet their burden of establishing any basis for federal jurisdiction over this action.

Accordingly, IT IS HEREBY RECOMMENDED that this action be summarily remanded to the Superior Court of California, County of San Joaquin and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, defendants may file any written objections with the court.  A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."

DATED: October 19, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\FNMA-mauch2743.f&r.remand.ud